UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
ENRICO FRIGERIO,                                        :
                                                        :
                                    Plaintiff,          :
                                                        :    OPINION AND ORDER
              - against -                               :
                                                        :    10 Civ. 9086 (SAS)
UNITED STATES OF AMERICA,                               :
                                                        :
                                    Defendant.          :
------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

When the Court dismissed Enrico Frigerio's malicious prosecution claim in its July 21, 2011 Opinion and Order, it granted leave to replead if there is a "sound basis to allege that the agents pressured the U.S. Attorneys to continue the prosecution."[1] Frigerio now seeks jurisdictional discovery — specifically, to depose the Federal Bureau of Investigation ("FBI") Agents and Assistant United States Attorney ("AUSA") who handled his prosecution — to determine whether there exists such a basis for an Amended Complaint. For the reasons discussed below, Frigerio's request is denied.

## II. APPLICABLE LAW

---

[1]  *Frigerio v. United States*, No. 10 Civ. 9086, 2011 WL 3163330, at *12 (S.D.N.Y. July 22, 2011).

1

The American legal system does not permit pre-action discovery.[2] Rule 27 of the Federal Rules of Civil Procedure, titled "Depositions to Perpetuate Testimony" is divided into three sections. Section (a), titled "Before an Action Is Filed" is the only applicable section. This section makes it quite plain that the deposition may only be used to perpetuate testimony regarding a matter "cognizable in a United States Court . . . ."[3] Rule 27 discovery is limited to those situations where a claim already exists, but for some reason cannot yet be brought, and it is important that testimony be preserved. It is not a grant of authority to take discovery in order to gather enough evidence to bring a claim. While "some concern was [formerly] expressed that this rule might be used for the purpose of discovery before action is commenced and might enable a person to fish for some

---

[2] *See In re Backer*, No. 10 Civ. 0862, 2010 WL 2816789, at *5 n.5 (S.D.N.Y. July 16, 2010) (denying discovery request when plaintiff's "application can only be read as an attempt to evade the federal limitations on pre-complaint discovery"); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 379 F. Supp. 2d 348, 370-71 (S.D.N.Y. 2005) ("[P]laintiffs' claims cannot survive these motions to dismiss based on the mere possibility of plaintiffs identifying the manufacturer of the offending product during discovery. To accept this argument would be akin to granting pre-action discovery to plaintiffs, which would impose onerous burdens on defendants and would encourage strike suits against participants in certain industries."); *In re Petition of Allegretti*, 229 F.R.D. 93, 96-97 (S.D.N.Y. 2005) ("Rule 27 may not be used as a vehicle for discovery prior to filing a complaint."); *Petition of Gurnsey*, 223 F. Supp. 359, 360 (D.D.C 1963) (holding that Rule 27 discovery "is not a method of discovery to determine whether a cause of action exists").

[3] Fed. R. Civ. P. 27.

ground for bringing suit . . . the courts have generally agreed that to allow Rule 27 to be used for this purpose would be an 'abuse of the rule.'"[4] Additionally, while "[i]t is within a district court's discretion to determine whether a plaintiff is entitled to conduct jurisdictional discovery,"[5] that procedure is typically reserved for discovery in support of an otherwise valid complaint.[6]

## III. DISCUSSION

Frigerio would like to depose the FBI Agents and the AUSA in order to remedy the deficiencies in his pleadings. Because his complaint has been

---

[4] 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 2071 (3d ed.) (quoting *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961).

[5] *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004), *opinion clarified on denial of reconsideration*, No. 02 Civ. 6356, 2005 WL 2585227 (S.D.N.Y. Oct. 13, 2005).

[6] *See Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004) (stating that "courts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts," but only once they are seeking to defeat a Rule 12(b)(1) motion to dismiss an otherwise valid Complaint); *Filus v. Lot Polish Airlines*, 907 F.2d 1328 (2d Cir. 1990) (analyzing whether Foreign Sovereign Immunity Act provisions granting court personal and subject-matter jurisdiction over a foreign nation had been met); *In re Terrorist Attacks on Sept. 11, 2001*, 689 F. Supp. 2d 552, 567-68 (S.D.N.Y. 2010) (examining personal jurisdiction discovery after a Complaint had been filed); *Daventree Ltd.*, 349 F. Supp. 2d at 761 (stating, after an apparently otherwise valid complaint had been filed, that "[i]f a plaintiff has identified a genuine issue of jurisdictional fact, jurisdictional discovery is appropriate even in the absence of a prima facie showing as to the existence of jurisdiction").

dismissed, and an amended complaint has not been filed, what he seeks is pre-action discovery, which is impermissible. Plaintiff has not pointed to any case permitting jurisdictional discovery prior to the filing of a complaint that complies with Rule 11 of the Federal Rules of Civil Procedure. If plaintiff can state such a claim now, he should do so within the time limit set in the July 21 Opinion and Order.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's request for jurisdictional discovery is denied.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 5, 2011

## - Appearances -

**For Plaintiff:**

Peter R. Ginsberg, Esq.
Christina N. Burgos, Esq.
Ginsberg & Burgos P.L.L.C.
12 E. 49th Street, 30th Floor
New York, NY 10017
(646) 374-0028

**For Defendant:**

John D. Clopper
Assistant U.S. Attorney
U.S. Attorney's Office
Southern District of New York
86 Chambers Street
New York, NY 10007
(212) 637 2716